**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| THOMAS HOLMAN § | | |
| Williamson County No. 864857 § | | |
| § | | |
| V. § | A-18-CA-1069-LY | |
| § | | |
| BRYAN COLLIER, et al. § | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
 UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court are Plaintiff's complaint, more definite statement, and amended complaint.[1] Plaintiff, proceeding pro se, paid the full filing fee for this case.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Williamson County Jail. While in jail, Plaintiff asserts he received a parole violation report on April 20, 2018.[2] At that time, he states he noticed a conviction from Travis County of which he was previously unaware. Plaintiff suggests the Travis County conviction for which he was sentenced to two years may not be "real,' because it does not include his thumbprint. Plaintiff sues Bryan Collier,

---

[1] After filing his more definite statement, Plaintiff filed an amended complaint. However, the amended complaint is substantially the same as the original complaint.

[2] In Plaintiff's related case, he asserts he was arrested for Driving While Intoxicated on April 7, 2018. See Holman v. Chody, No. A-18-CV-1066-LY. Documents attached to Plaintiff's complaint indicate he had at least four final convictions for Driving While Intoxicated prior to his April 7, 2018 arrest.

John Doe x14 and Jane Doe x 6 for $5,700,000.00 because they kept him for four months and put him in harm's way.

After the Court reviewed Plaintiff's complaint, it ordered Plaintiff to file a more definite statement. Plaintiff was ordered to state what acts each of the named defendants did to cause him damage. Plaintiff appears to allege he was sent to prison with no charge and no lawyer from March 30, 2012 to July 24, 2012. According to Plaintiff, he was "picked up for DWI" and soon thereafter was sent to the Austin State Hospital. He claims he stayed there two years and four months. Plaintiff asserts when he was returned to court, he remembers the case was dismissed, but he was "waiting on parole." Plaintiff alleges Travis County woke him up from sleep, and put him on the bus to the Texas Department of Criminal Justice ("TDCJ"). According to Plaintiff "they knew this time was done, that [he] did not know about and left [him]. Three months later Plaintiff allegedly had a parole hearing and was released after an additional month in prison.

Construing Plaintiff's complaint and more definite statement as liberally as possible, Plaintiff appears to be alleging he was wrongfully imprisoned from March 30, 2012 until July 24, 2012. Although Plaintiff's complaint and more definite statement are confusing, Plaintiff's attachments supply additional details. Apparently, Plaintiff was arrested on November 5, 2009, for Driving While Intoxicated in Travis County. Presumably, Plaintiff was found incompetent and was transferred to the Austin State Hospital. When he was returned to court on March 5, 2012, Plaintiff was sentenced to two years in prison but was given approximately two years and four months of jail credits. Although Plaintiff's two-year sentence out of Travis County was considered discharged as of November 5, 2011, Plaintiff had not yet discharged his 15-year sentence out of Williamson County for an offense committed on April 14, 2004. Plaintiff apparently was on parole for his

Williamson County conviction at the time he was arrested in Travis County, and he was returned to the TDCJ on March 30, 2012 on his Williamson County conviction and sentence. Plaintiff was subsequently released on parole for the Williamson County conviction on July 24, 2012. However, he was arrested in Williamson County for Driving While Intoxicated on April 7, 2018, and is currently confined in the Williamson County Jail for the new charge and for the revocation of his parole for the previous Williamson County conviction.

## DISCUSSION AND ANALYSIS

### A. Standard Under 28 U.S.C. § 1915A

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A. On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

### B. Heck v. Humphrey

Plaintiff's complaint is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Although Plaintiff's complaint and more definite statement are not clear, Plaintiff is essentially challenging the lawfulness of his confinement from March 30, 2012 to July 24, 2012. However, Plaintiff has not shown his Williamson County conviction and 15-year sentence or the revocation of his parole has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, Plaintiff's claims for monetary damages regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of Heck are met.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 8th day of January, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE